IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES TURNER,<br>      Petitioner,<br>    v.<br>JEROME WALSH, WARDEN, S.C.I.<br>DALLAS,<br>      Respondent | Case No. 3:13-cv-47-KRG-KAP |
| CHARLES TURNER,<br>      Petitioner,<br>    v.<br>TOM LAVAN, WARDEN, S.C.I.<br>DALLAS,<br>      Respondent | Case No. 3:01-cv-373-KRG-KAP |
| CHARLES TURNER,<br>      Petitioner,<br>    v.<br>TOM LAVAN, WARDEN, S.C.I.<br>DALLAS,<br>      Respondent | Case No. 3:01-cv-374-KRG-KAP |

Report and Recommendation

Charles Turner is at S.C.I. Dallas, serving a 15-30 year sentence imposed by the Court of Common Pleas of Cambria County jury on August 12, 1997, for two counts of solicitation to commit murder and one count of solicitation of retaliation against a witness. Commonwealth v. Turner, CP-11-CR-742-1997 (C.P. Cambria Co.). Turner has other criminal convictions in Cambria and Somerset Counties that have given rise to several other habeas corpus petitions. I am filing this identical Report and Recommendation in all three of the above captioned matters because the motions recently filed by Turner are interwoven and some discussion of each is helpful to understand Turner's motions.

In the first case captioned above (that I will sometimes refer to as the solicitation to commit murder habeas matter), Turner filed a habeas corpus petition in 2013 that the Court dismissed as untimely on June 27, 2014 at docket no. 35. Turner has now filed at docket no. 37 a timely motion to alter or amend the judgment under Fed.R.Civ.P. 59, and Turner also has filed a motion at docket no. 39 for extension of time to file a notice of appeal under Fed.R.App.P. 4(a)(5). The motions were referred to me under 28 U.S.C.§ 636(b)(3).

The motion to extend time at docket no. 39 should be denied as unnecessary: petitioner does not need to file a notice of appeal unless and until his Rule 59 motion is decided adversely to him.

I recommend that the Rule 59 motion at docket no. 37 in the solicitation to commit murder habeas matter be denied. Petitioner's argument is that because his previous habeas petition at <u>Turner v. Varner</u>, Case No. 3:01-cv-171-DBS-KAP (W.D.Pa. July 31, 2001), that was dismissed because petitioner had not yet exhausted his state court remedies, was timely, his current petition filed in 2013 should be considered to relate back to 2000 and therefore considered timely. That is simply an invalid argument.

As for the latter two above-captioned cases, at docket no. 24 in <u>Turner v. Lavan</u>, Case No. 3:01-cv-373-KRG-KAP (W.D.Pa. September 17, 2004), certificate of appealability denied, No. 04-

3985 (3d Cir. February 14, 2005), cert. denied, No. 05-5253 (U.S. October 3, 2005), and docket no. 25 in Turner v. Lavan, Case No. 3:01-cv-374-KRG-KAP (W.D.Pa. September 17, 2004), certificate of appealability denied, No. 04-4005 (3d Cir. February 14, 2005), cert. denied, No. 05-5192 (U.S. October 3, 2005), Turner filed identical motions to vacate under Fed.R.Civ.P. 60 that were referred to me under 28 U.S.C.§ 636(b)(3). I recommend those motions be denied as well.

Turner wants the judgment in those two 2001 habeas matters that challenged fully expired sentences that had been imposed in Cambria County and Somerset County (sentences fully expired in 2001 that is, so obviously not the solicitation to commit murder sentence he is now serving) vacated because he was granted parole on the sentence for solicitation to commit murder in October 2013 with the condition that he not reside or even be in Cambria or Somerset counties. That collateral consequence of his sentences, Turner says, means that his sentences are not fully expired and that he should be able to challenge them. Even if one accepts Turner's assumption that those fully expired sentences and not his current sentence is the reason for the conditions imposed by the Pennsylvania Board of Probation and Parole, Turner is not in custody, and on parole would not be in custody, as a result of those sentences. The proper way to attack the conditions of any parole granted on the solicitation to commit murder sentence would

be by a petition for a writ of habeas corpus attacking the execution of sentence in the solicitation to commit murder case, after Turner exhausts his state court remedies. See Williams v. Wisconsin, 336 F.3d 576 (7th Cir.2003). The Ninth Circuit does hold that parole conditions can be challenged in a Section 1983 action, Thornton v. Brown, 2013 WL 7216368 (9th Cir. July 31, 2013), but the Ninth Circuit is wrong and the Seventh Circuit right for the reasons given in Judge Ikuta's dissent in Thornton v. Brown.

But it is not even necessary to reach that issue. Turner acknowledges that his grant of parole was rescinded in December 2013, and he therefore remains in prison with no legally enforceable expectation that he will be released under any conditions until his sentence has been fully served. As Turner's motions themselves show the Pennsylvania Board of Probation and Parole changes its decisions and may change the conditions Turner is subject to if and when he is ultimately granted parole. The question of parole conditions should be challenged when Turner is actually paroled or when his parole is reasonably imminent: if the Court did so now it would be rendering an advisory opinion only.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 4 August 2014

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Charles Turner DK-3161
S.C.I. Dallas
1000 Follies Road
Dallas, PA 18612